**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Garner, et al., | |
| Plaintiffs, | No. CV-15-08147-PCT-PGR |
| vs. | ORDER |
| Mohave County, et al., | |
| Defendants. | |

Pending before the Court is the plaintiffs' Motion for Sanctions Pursuant to Rule 30(d)(2) (Doc. 121), wherein the plaintiffs seek an order requiring all counsel to comply with Fed.R.Civ.P. 30(c)(2). Although the Court does not believe that this issue should have gotten to this point, it concludes from the submitted materials that the parties have reasonably attempted to resolve the issue underlying the motion without court intervention. Having considered the parties' memoranda, the Court finds that the motion should be granted.

The gist of the issue before the Court is whether the defendants' counsel has been engaging in improper speaking objections during depositions. Rule 30(c)(2) mandates that an objection made during a deposition "must be stated concisely in a nonargumentative and nonsuggestive manner." An objection that is argumentative

or which suggests an answer to the deponent is an improper speaking objection. Both sides have submitted sample objections made by the defendants' counsel and the Court agrees with the plaintiffs that some of the cited objections are in fact overly verbose, improperly argumentative, and/or improperly suggestive of the answer to be given by the deponent.[1] The Court expects all future deposition objections to be succinct, nonargumentive, and noncoaching. Therefore,

IT IS ORDERED that the plaintiffs' Motion for Sanctions Pursuant to Rule 30(d)(2) (Doc. 121) is granted and that all counsel shall limit their deposition objections to concise, nonargumentative, and nonsuggestive statements, as required by Fed.R.Civ.P. 30(c)(2).

DATED this 29th day of January, 2016.

Paul G. Rosenblatt
United States District Judge

---

[1] The Court concludes that the following objections by the defendants' counsel are examples of improper speaking objections:

- " Also object on the basis of foundation as this document. It says 11/25 of 2014 was the adoption date so that's after Karen Garner's incident just for the record."

- "I am going to object to this question on the basis that it's incomplete in terms of you didn't read the entire document and also foundation since he said he was not a sworn deputy. Go ahead and answer if you can."

- "Object to the form of the question; he's already told you he didn't know the voice."

- 2 -